Opinion of the Court, by
Judge Owsley.
ON" the 23d of December, 1782, there was made with the surveyor, an entry in the name of Thomas Underwood, for 6,587 1-2 acres of land, on the waters of Floyd’s fork, on the east side of and adjoining Green-ville Smith’s 6,750 acre entry, to begin on the road mentioned in said Smith’s entry, where his line crosses the *218 sárne, and tó rdn eastwardly along the said road, on both sides, for quantity, to extend along the road for length twice Us breadth.
That the 'alienee had, after judgment in ejectment, but before actual eviction, purchased of the plaintiff and conveyed to others, is no ground for relief of the alienor, against a judgment on hi’s covenant of warranty, unless he shows a superior entry; if his entry be established paramount, he would be entitled to the relief. And as he could not obtain the land IMe pur- ", cl!asersJliul his equity, he. might bo enílí]e<J.to int gai'nsuhe" Judgment at some ¡san "agree-*6 mont that if ttle “rcuit prior of61”8 curtain alie-gationsofthe tiraVshouw'1’ be aílqwcdto prove them, aníl íhat 0usly deem-mg itimnm-tcriah.(|e-crees for the uf., j jtt reversing-ihe di^oiVio time (o b<¿ given. ^ j, ’ ^ complainant, this court, hi
*218 This entry Was afterwards Surveyed in 'the name of Underwood, and by him assigned to Charles Lynch, in whose name a patent snbseqúenl-ly issued-.
Fifty;two acres of the land were thereafter conveyed by Lynch to Snell, and by Snell sold and conveyed by-deed of genera! warranty to John Shepherd’, who thereupon received the possession, and against whom, Thomas Deye Owing, claiming under an adverse conflicting patent, brought enaction of ejectment, and finally succeeded in recovering a judgment for the land.
After this, but before he was actually dispossessed oí the land, Shepherd, for the consideration of one hundred dollars actually paid, purchased the land from Owings and received a conveyance therefor, and then sold and conveyed the same to others.
To obtain indemnity for the judgment of eviction, however, Shepherd brought an aclion upon the covenant of warranty, contained in the deed of Snell to him, and succeeded in recovering judgment at law.
To be relieved from this judgment, Snell then exhtb- ■ Red this bill inequity with injunction. In connection with the preceding facts, Snefi charges in his bill, that the entry of Underwood contains the requisite certainty and precision of a valid location, and that it has been correctly surveyed and carried into grant; that the entry under which the adverse claim of Owings originated, is vague, uncertain and Void; and that in a court of equity, Shepherd ought not to be permitted to coerce the payment of the judgment recovered upon the cov-enantor warranty, after having purchased the adverse claim of Owings for the inconsiderable sum of one hundred dollars, and after having sold and conveyed the land to others.
Shepherd was made defendant to the bill, and on a final hearing, tbe.court below pronounced a decree perpetuating the injunction as to all the judgment at law except one hundred dollars, and the amount of the costs of the suit of Owings against Shepherd, and the costs of the suit at law against Snell. From that decree, each party appealed.
In the state of preparation which the present record exhibits, we apprehend it was incompetent for the court *219 below, consistently with 'any principle by which courts of equity are governed, to pronounce any decree favorable to Snell. Before he tould, upon any principle, he entitled to the aid of,the -court, it is essential that the validity of Underwood's entry, under, which he held the land when he conveyed to Shepherd, should be established.
Were that entry admitted to be paramount fo. the enr try under which Qwings claimed, it yvould, no doubt, be incompetent for Shepherd, if he had .not conveyed the land to others since he purchased-from Owings, to hold the land-and enjoy the benefit of,his judgment Snell-, consistently with the principles recognized by this court, in the case of M’Kinny against Walls., 3 Marsh, 268; and as he.appears to have sold, to others, who may .have.been ignorant of Snell's equity when they obtained the title frorp Shepherd, who at the time had united in himself both titles, it might have been correct to have relieved-^ to some extent, against.the judgment at Jaw recovered by Shepherd, if.the entry of Under.wood-liad been sustained by the proofi.n the cause.
But the eiaíry is altogether unsupported by any evi-dencc, and for that cause, the decree must be reversed,. Usutas, w.hen the cause was submitted.lo. Ine court below for a decree, it was agreed, between the parties, tliat time should be given to introduce evidence in sup- - ■ '• ■- • .“ to remarle, that when the cause returns to that court, permission must be given the parties to take evidence on that point, before a final decree is pronounced, Milu, OIIVUIU I >r 'V U VW UU I VU UC/O C V lUOtl Vv 111 Oil p port of.Underwood-'s entry, if the court should think such proof essential to Snell’s rightto relief, ibis px.ope.r
Smell,must pay the costs of both appeals.